JOHN A. TOLMAN & COMPANY, Appellant, vs. SMITH and another, Respondents.

*December 10, 1914—January 12, 1915.*

*Guaranty: Assignment of liability: Action against principal debtor barred by limitation: Discharge of guarantors.*

1. A bond guaranteeing repayment by an employee of advances made to him by his employer cannot be assigned generally so far as future defaults of the employee are concerned, but a cause of action which has already arisen in favor of the employer, and the liability of the guarantors on the bond so far as it protects that cause of action, are assignable.

2. Where a guaranty bond under seal provides that the sureties will themselves pay any amount which may become due from an employee to his employer under the contract of employment, the sureties are not discharged of liability on such independent promise by the mere fact that an action against the employee on the original debt is barred by the statute of limitations. [Whether a surety who makes simply a collateral agreement of guaranty would be discharged in such case, not determined.]

APPEAL from an order of the circuit court for Outagamie county: JOHN GOODLAND, Circuit Judge. *Reversed.*

This is an action upon a sealed contract of guaranty. A demurrer to the complaint having been sustained, the plaintiff appeals.

The complaint alleges in substance that the John A. Tolman Company, an Illinois merchandising corporation, August 23, 1905, made a written unsealed contract with one Otto, by which Otto was employed as a salesman for the company on a commission of forty per cent. of the profits on the goods sold by him, provided that if he stayed with the company a year or longer and stood fifty per cent. of all losses from bad debts, then he was to have an additional ten per cent. of the profits, to be paid when the sales for the year should all be collected. Otto was to have no interest in the collections, accounts or moneys collected, and his earnings were only to be payable through the Tolman Company. He was to pay his own expenses, but the Tolman Company might at its option advance him money to defray his expenses, to be repaid on demand. He was also required to furnish a bond to secure payment to the Tolman Company of all moneys collected by or advanced to him and of all money and goods which the company might thereafter advance to him, and of all indebtedness then due or which might become due from him to the company, whether by the terms of the contract or otherwise.

The complaint further alleges that the defendants on the same day gave their bond under seal by which, after reciting the execution of the said contract of employment, they guaranteed payment by Otto to the plaintiff company of all moneys collected by him for the company, all advances made to him, and any indebtedness then due or which might thereafter become due from him to the company, waiving notice of acceptance of the guaranty, said bond containing also a provision that it should be a continuing guaranty and a provision that the sureties would pay any amount which should become due on the contract of guaranty at the company's office in

Chicago.  It was further alleged that Otto began his employ-
ment September 5, 1905, and became indebted to the Tolman
Company between that date and February 6, 1906, for cash
and certain other items in the sum of $821.30; that he was
indebted on account of cash and other items prior to Septem-
ber 5th in the sum of $12.50, making a total of $833.80,
upon which total sum there were credits amounting to $250.39,
leaving a balance due of $583.41; that after said sum became
due and on February 26, 1906, the said John A. Tolman
Company sold, assigned, and transferred to John A. Tolman
and Samuel A. Tolman "all, every and each of the assets of
said company, bills and accounts receivable," and on the same
day John A. Tolman and Samuel A. Tolman sold, assigned,
and transferred to the plaintiff, *John A. Tolman & Company,*
"all the cash, assets, merchandise . . . of John A. Tolman
Company, together with all the bills and accounts receivable
of said company," whereby the defendants became liable to
pay to the plaintiff the said indebtedness of said Otto with
interest.

For the appellant the cause was submitted on the briefs of
*Albert H. Krugmeier,* attorney, and *Ashcraft & Ashcraft,* of
counsel.  They cited *Cunningham v. Norton,* 107 Cal. xvii,
40 Pac. 491; *Schoonover v. Osborne,* 108 Iowa, 453, 79 N.
W. 263; 20 Cyc. 1431, 1435.

For the respondents the cause was submitted on the brief of
*Francis J. Rooney* and *Francis W. Grogan.*  To the point
that the enforcement of a bond of guaranty is strictly a per-
sonal right and dies unless asserted in the hands of one for
whose benefit it is primarily given, they cited 11 Current
Law, 291; *Allen v. Camp,* 101 Tex. 260, 106 S. W. 315;
*Barns v. Barrow,* 61 N. Y. 39; *Bennett v. Draper,* 139 N. Y.
266, 34 N. E. 791; Pollock, Contracts (7th ed.) 425; 2 Am.
& Eng. Ency. of Law (2d ed.) 1018; *Levy v. Cohen,* 45 Misc.
95, 91 N. Y. Supp. 594; *People v. Backus,* 117 N. Y. 196,
22 N. E. 759.

Winslow, C. J.   The complaint alleges in substance that Otto went to work for plaintiff's remote assignor under an agreement to repay advances made to him; that at the same time the defendants under seal guaranteed the performance of that agreement; that a considerable amount of advances were thereafter made to said Otto by said remote assignor and became due; that thereafter all the assets, accounts, and bills receivable of the said assignor were sold, assigned, and transferred to third persons, who sold and transferred them to the plaintiff, and that the balance of said Otto's indebtedness is still due and owing to the plaintiff.

Wherein these facts fail to make a cause of action we are unable to understand.   The indebtedness of Otto to the remote assignor existing at the time of the transfer of assets, together with the liability of the guarantors to pay that indebtedness if Otto did not do so, were clearly a part of the assets of said remote assignor, and were assigned and transferred by the two assignments set forth in the complaint and thus became the property of the plaintiff.   The guaranty bond was not and could not be assigned generally so far as future defaults by Otto were concerned, but the cause of action which had arisen in favor of the remote assignor, and the guaranty bond so far as it protected that cause of action, were assigned.   Being a cause of action which survives to personal representatives, it is on familiar principles assignable.   *Webber v. Quaw,* 46 Wis. 118, 49 N. W. 830.

The defendants' agreement in this case not only contained a guaranty that Otto should pay his indebtedness, but a further provision that the sureties would themselves pay any amount which might become due on the contract.   It is not necessary to consider, therefore, whether a surety who makes simply a collateral agreement of guaranty would be discharged of liability by reason of the fact that the statute of limitations had barred an action against the principal on the original debt.   Here was plainly an independent promise and not.

merely a collateral agreement.    It was under seal, and hence an action thereon is not barred until twenty years if the cause of action arose within the state, or ten years if it accrued without the state.    Secs. 4220, 4221, Stats. 1913.    In either event the time has not elapsed in the present case.

*By the Court.*—Order reversed, and action remanded with directions to overrule the demurrer to the complaint.