ROSENDALE STATE BANK, Respondent, vs. HOLLAND, imp.,
Appellant.

*January 12—February 7, 1928.*

*Bills and notes: Accommodation maker: Not released by extension
granted party accommodated: Payment by renewal note.*

1. An accommodation maker is liable on a note as maker to the
   payee therein; and being primarily liable under sec. 116.01,
   Stats., because he is a joint maker, he was not discharged by
   an extension of time granted by the payee. p. 132.
2. The liability of the accommodation maker is not discharged be-
   cause of the fact that the note was stamped "Paid" and re-
   turned to the maker, who executed a renewal with a forged
   signature of the accommodation maker, there being no inten-
   tion that the surrender of the original note and acceptance of
   the renewal should effect the destruction of the old obligation.
   p. 132.
3. Where a bank, on discovering that the maker of a note had
   forged the signature of the accommodation maker to the re-
   newals, thereafter accepted a chattel mortgage on condition
   that the notes on which the signature was forged should first
   be paid, it was not guilty of inequitable conduct that would
   bar its right to a recovery on the original note. p. 133.

APPEAL from a judgment of the circuit court for Fond
du Lac county: CHESTER A. FOWLER, Circuit Judge.
*Affirmed.*

Action begun September 24, 1926, by the *Rosendale State
Bank* against Frank Holland and *William Holland* to re-
cover upon a note. *William Holland* appeals from a judg-
ment against both defendants entered January 8, 1927.

October 3, 1919, Frank Holland borrowed $1,700 of the
plaintiff bank and gave a note signed by himself and *Wil-
liam Holland*. The bank knew that *William Holland* was
an accommodation maker. When the note became due
Frank Holland produced a renewal note signed by himself
on which he had forged the signature of *William Holland*.
The original note was stamped "Paid" and delivered to Frank

Holland. The bank accepted several renewal notes with no knowledge of the fact that the name of *William Holland* had been forged on all of these renewal notes. When these forgeries were discovered, the bank procured the original note from Frank Holland, brought suit upon it, and recovered judgment.

For the appellant there was a brief by *D. F. Blewett* and *L. J. Fellenz,* both of Fond du Lac, and oral argument by *Mr. Fellenz.*

For the respondent there was a brief by *Williams & Foster* of Fond du Lac, and oral argument by *Fred A. Foster.*

STEVENS, J. (1) "The appellant was liable as maker to the plaintiff notwithstanding he was only an accommodation party." *Schoenwetter v. Schoenwetter,* 164 Wis. 131, 135, 159 N. W. 737. Appellant was a person primarily liable because as a joint maker he was, by the terms of the note, absolutely required to pay the same. Sec. 116.01, Stats. Being a person primarily liable to pay the note he did not stand in the shoes of a surety and was not discharged by the extension of the time granted by the bank.

(2) Appellant's liability on the note was not discharged when the note was stamped "Paid" and returned to Frank Holland.

"It is the long and well settled doctrine in this state that a renewal by the giving of a new note or the extension of time in which to pay a pre-existing debt is not a discharge of the old and original obligation and the creation of a new obligation, but a mere carrying on of the prior obligation, unless and except it appears that the parties agreed that it should be a destruction of the old and the creation of a new obligation." *Wisconsin Trust Co. v. Cousins,* 172 Wis. 486, 503, 179 N. W. 801.

There is no proof that would warrant a finding that the parties intended that the surrender of the original note and the acceptance of the renewal should effect a destruction of

the old obligation and the creation of a new one.   The court therefore properly refused to submit to the jury the question whether the bank intended to cancel the obligation of *William Holland* when it stamped the original note paid and surrendered it.   All that the bank did was to accept a new note which purported to carry forward to a future date the same obligation on the part of *William Holland* that was evidenced by the original note.

(3) After the forgeries were discovered the bank took a chattel mortgage on all of the personal property of Frank Holland.   This mortgage was given on the express condition that it should first secure the notes on which the signature of *William Holland* had been forged and then the original note signed by *William Holland*.   Thereafter the property covered by the chattel mortgage was sold at auction, but not under chattel mortgage foreclosure sale, and the proceeds deposited in the bank to be applied upon its notes in accord with its agreement with Frank Holland.   The amount due upon the notes upon which *William Holland's* signature was forged exceeded the total amount of the fund.

By accepting this chattel mortgage and the proceeds of the sale of the personal property on condition that the notes upon which *William Holland's* signature had been forged should first be paid, the bank was not guilty of inequitable conduct that will bar its right to recovery on the original note.   *William Holland* had no right to insist that the proceeds of the sale of the personal property should be applied to the payment of the note signed by him, rather than to the notes upon which his signature had been forged.   This personal property was not mortgaged or pledged to secure the payment of the original obligation when that note was given. Frank Holland was the owner of the property.   He had the legal right to sell it or mortgage it and use the proceeds to pay any valid obligation which he might owe.   By accepting the chattel mortgage upon the condition upon which it was given, the bank was guilty of no fraudulent or inequitable

conduct. The fact that Frank Holland had the right to apply the proceeds of this sale to any obligation that he chose to pay distinguishes this case from those in which an attempt is made to divert security from the satisfaction of an obligation which it is pledged to secure.

The bank made no representations to the applicant. It did nothing to mislead him or prejudice his legal rights. It accepted the renewal notes believing them to be signed by *William Holland* and it permitted Frank Holland to apply the proceeds of the sale of this property, upon which *William Holland* had no claim, to the payment of such obligations to the bank as Frank Holland chose to pay.

By becoming an accommodation maker *William Holland* agreed to pay this obligation to the bank. He has never paid the note. The judgment enforces the obligation which he voluntarily assumed, on the faith of which the bank parted with its money. The judgment simply requires him to do that which he agreed to do when he signed the note.

*By the Court.*—Judgment affirmed.