Estate of Bitker: Felman, Claimant, Appellant, vs. Estate of Bitker, Respondent.*

*October 14—December 23, 1947.*

* Motion for rehearing denied, with $25 costs, on February 17, 1948.

540

For the appellant there were briefs by *A. L. Tilton* of Milwaukee, and *Samuel E. Hirsch* and *William Ruger,* both of Chicago, Illinois, and oral argument by *Mr. Ruger.*

For the respondent there was a brief by *Bitker & Marshall,* attorneys, and *Lehman C. Aarons* of counsel, all of Milwaukee, and oral argument by *Mr. Aarons.*

ROSENBERRY, C. J.   On May 15, 1924, Jacob L. Bitker and Albert J. Felman executed and delivered to the Will County National Bank of Joliet, Illinois, an instrument in writing of which the following is a copy :

"Joliet, Illinois, May 15, 1924.
"For and in consideration of obtaining credit and discount for Joseph A. Mesiroff of Milwaukee, Wisconsin, we, for ourselves and for our heirs, executors, administrators, and assigns hereby guarantee the payment at maturity or any time thereafter to the Will County National Bank of Joliet, their successors or assigns any and all indebtedness in the sum not to exceed $10,000 (ten thousand dollars) now due or hereafter to become due including all renewals and growing out of or occasioned by or through an act or acts of Joseph A. Mesiroff in connection with any and all business done with or through the Will County National Bank of Joliet, Illinois.

"This guarantee shall be for the purpose of securing any indebtedness of the said Joseph A. Mesiroff to the said Will County National Bank or any part thereof evidenced by notes, bills of exchange or otherwise.

"Notice of the acceptance of this guarantee is hereby waived.

"In witness whereof, we have hereunto set our hands and seals this 15th day of May, A. D. 1924.

Jos. A. MESIROFF (seal)
J. L. BITKER (seal)                    A. J. FELMAN (seal)."

In reliance upon the guaranty the Will County National Bank between May 17, 1925, and December 31, 1929, loaned to Joseph A. Mesiroff $9,258.73, the indebtedness being evi-

denced by the promissory note of said Mesiroff. Mesiroff made payments, and after July 10, 1930, there was unpaid on the note $8,400. Joseph A. Mesiroff died on March 26, 1931, wholly insolvent.

On the 21st day of May, 1931, a claim was filed by the Will County National Bank in the probate of the estate of Joseph A. Mesiroff. The claim was allowed. On July 31, 1931, the Will County National Bank was found to be insolvent and placed in receivership, Floyd H. Goff being named receiver. On the 25th day of August, 1939, Floyd H. Goff, as receiver, commenced an action against claimant and Jacob L. Bitker upon the guaranty.

On December 15, 1941, four days after Goff had assigned all claims of the receiver against Felman and Bitker to him, Nat Blank was substituted for Goff as plaintiff in the action. Bitker objected on the ground that the complaint failed to allege that Nat Blank had any right, title, or interest in the cause of action which is the subject matter of the complaint. The objection was overruled. The case then went to trial.

On June 18, 1942, during the course of the hearing in the district court, counsel for Nat Blank made the following statement in open court. After detailing the negotiations had between claimant and Bitker, Mr. Touhy proceeded:

"Mr. Felman went to Mr. Goff and they discussed settlement of this matter, and it was agreed that the receiver would take $3,000 in settlement. Mr. Felman then went to his co-guarantor and suggested that he come in on this settlement, as Mr. Felman thought it was a very advantageous settlement. Mr. Bitker refused to take any part in this settlement, so Mr. Felman then purchased this note from the receiver for the amount that the receiver had agreed to take, namely $3,000. He took title to the note in the name of the assignee, Mr. Blank. . . . There is no question but that Mr. Felman is the real owner of the note and Mr. Blank his assignee. . . . The court can treat this matter as if it were an outright purchase of Mr. Felman's."

There was a judgment in favor of Nat Blank against Albert J. Felman and Jacob L. Bitker for the principal sum of $8,400 with interest and costs. On appeal the judgment was reversed and the action dismissed as to Bitker on the ground that the court had no jurisdiction of Bitker.

The trial court found, as appears from the opinion of the circuit court of appeals and from the transcript of the record in the case, that prior to the trial of the action in the district court, Jacob Bitker did not know that Albert J. Felman had taken title to the aforesaid note in the name of Nat Blank, his nominee, or had compromised the claim by buying it.

On this appeal claimant contends as follows: (1) That the filing of Felman's alternative claim under sec. 330.41, Stats., was the commencement of an action for contribution which cause of action arose on December 11, 1941, when claimant paid the bank receiver the sum of $3,000 and which was covered by sec. 330.19, the six-year statute.

(2) That the ten-year statute of limitation, sec. 330.18, did not begin to run as to the $8,400 claim until demand upon the coguarantors was made by commencement of the Illinois suit on August 20, 1939, and that the claim for $8,400 was filed before the expiration of the ten-year period beginning August 20, 1939.

(3) That under the procedure section above quoted (in the brief) Felman had an absolute right either to amend his claim as requested or to have the benefit of the amendment because of the incorporation by the executor into the record of the transcript and consideration by the court of such transcript in the rendering of its decision, findings, conclusions, and judgment.

If the claimant is entitled to contribution from the estate of Jacob L. Bitker it must be on the ground that he has paid more than his equitable share as against his coguarantor to discharge their common liability. *Estate of Koch,* 148 Wis. 548, 549, 134 N. W. 663. A contract of guaranty is a direct prom-

ise by the guarantors to pay, and not only to pay if the principal fails to do so. *Mitchell St. State Bank v. Froedtert*, 169 Wis. 120, 170 N. W. 822.

In this case the guarantors agreed to "guarantee the payment at maturity or any time thereafter to the Will County National Bank of Joliet, their successors or assigns any and all indebtedness in the sum not to exceed $10,000." This is an original undertaking on the part of claimant and Bitker. When the Will County National Bank filed its claim against the estate of Mesiroff it demanded payment from the estate of Mesiroff, the principal.

No notice of default in the performance of a contract by the principal party thereto is necessary in order to hold the guarantor to the contract. *Farmers State Bank v. Hansen,* 174 Wis. 100, 182 N. W. 944.

The guaranty being an original undertaking by the guarantors, no demand is necessary to set the statute of limitations running on the contract of guaranty. When the principal fails to perform the acts performance of which is guaranteed the guarantors are liable from the time of the breach. No demand is necessary. *Farmers State Bank v. Hansen, supra.*

When the claim was filed against the wholly insolvent estate of Mesiroff, if not before, the statute of limitations was set running.

In this case the note, payment of which was guaranteed, became due on the 31st day of March, 1930. This proceeding was begun by filing of a claim against the estate of Jacob L. Bitker on May 2, 1946, the ten-year statute of limitation applies and the claim on the note is barred.

With respect to claimant's claim of contribution it would seem that claimant is also concluded by the allegations of his petition. As already stated the claim for contribution must rest upon the fact that a guarantor has paid or discharged more than his fair share of the liability guaranteed by himself and

his coguarantor. From the allegations of claimant's petition, as well as from the statement of counsel in the district court of the United States in Illinois, claimant did not pay or discharge any part of the indebtedness owing by Mesiroff to the Will County National Bank. He alleges, and his counsel states in open court, that he purchased the claim. There is a clear distinction between payment and purchase. Payment extinguishes and discharges an indebtedness; purchase transfers title thereto to the payor or his nominee. If the debt is not discharged no claim for contribution can arise. The purchaser stands in the shoes of the assignor. The claimant could not after purchase pay or discharge any part of the claim due to himself. As guarantor he was liable for the payment of the whole amount of the indebtedness owing by Mesiroff to the Will County National Bank. As owner his claim is against the estate of Mesiroff which is insolvent. Having failed to pay or discharge any part of the indebtedness owing by Mesiroff to the Will County National Bank he has no claim for contribution against his coguarantor. *Estate of Koch, supra.*

We realize that this matter has not been fully tried but upon the facts disclosed in the petition and by the record in the proceedings in the district court of Illinois which is by stipulation part of the record before us, it appears that a further trial would be fruitless.

We do not consider the matter of amendment or other questions raised as we find it unnecessary to do so.

*By the Court.*—The judgment of the county court is affirmed.

FRITZ, J., dissents.