Robert H. DIAMOND, Sr., Patrick J. Hudec and Historic Dining, Inc., Plaintiffs-Appellants,

v.

Barbara RUSZKIEWICZ and Fabian S. Ruszkiewicz, Defendants-Respondents.

Court of Appeals

*No. 96–1798. Submitted on briefs April 28, 1997.—Decided June 18, 1997.*

(Also reported in 567 N.W.2d 649.)

143

On behalf of the plaintiffs-appellants, the cause was submitted on the briefs of *Gabrielle Boehm* of *Hudec Law Offices, S.C.* of East Troy.

On behalf of the defendants-respondents, the cause was submitted on the brief of *Anne E. Fellows* of *Olm & Associates* of Whitewater.

Before Snyder, P.J., Brown and Nettesheim, JJ.

SNYDER, P.J.   Robert H. Diamond, Sr., Patrick J. Hudec and Historic Dining, Inc., appeal from a judgment dismissing their contribution claim against Barbara Ruszkiewicz and Fabian S. Ruszkiewicz. We conclude that the contribution claim is premature because neither Diamond, Hudec nor Historic Dining has paid anything on the underlying obligation. Accordingly, we affirm.

On December 1, 1993, the parties to this appeal signed a business note in the amount of $40,000. The maker of the note was Historic Dining; Diamond and Hudec are officers of the corporation. At the time the note was made, Diamond and Hudec signed both in their capacity as officers of Historic Dining and as individuals. Barbara also signed the note in an individual capacity.

Historic Dining defaulted on the note and the bank called the note due for the sum of $41,193.42.[1] Another corporation, Historic Renovations, Inc., of which Diamond and Hudec are officers, paid the interest due on the note in both April 1994 and October 1994.[2] In December 1994, Historic Renovations signed a new note with the bank for $40,000, which paid the December 1, 1993 note.

The bank then consolidated the debt for Historic Renovations when it made a new loan to that corporation for $280,000. That loan was secured by real property and was backed by Diamond's and Hudec's personal guarantees. Barbara was not asked to sign as a guarantor on that note.

Diamond, Hudec and Historic Dining subsequently filed an action against the Ruszkiewiczes[3] on a contribution theory, seeking one-third of the original $40,000 loan amount. The trial court denied cross-motions for summary judgment. At the close of the plaintiffs' case, the court granted the Ruszkiewiczes' motion to dismiss, finding that Diamond and Hudec had failed to prove their contribution claim. The trial court found that no evidence had been presented that showed they had paid any part of the debt to the bank from their individual funds, nor had Historic Dining paid the debt. They now appeal the dismissal and request that this court grant summary judgment in their favor. Because we conclude that a contribution claim requires that the party claiming the right has

---

[1] This sum represented the principal of $40,000 plus interest.

[2] Historic Dining had ceased operations by early April 1994.

[3] Barbara's husband, Fabian, was added as a defendant under a marital property theory.

paid the debt of another and that requirement has not been satisfied here, we affirm the trial court.

The issue presented is whether the appellants have a cognizable claim for contribution from the Ruszkiewiczes. In this case, we apply a legal standard to the undisputed facts and are presented with a question of law. *See Nottelson v. DILHR,* 94 Wis. 2d 106, 116, 287 N.W.2d 763, 768 (1980). Furthermore, because the appellants claim that the trial court erred in denying summary judgment, that denial is also subject to de novo review. *See Weina v. Atlantic Mut. Ins. Co.,* 179 Wis. 2d 774, 777, 508 N.W.2d 67, 68 (Ct. App. 1993).

■

The law of contribution is well settled. It is based on the belief that those who insure or become a surety with another ought to share the results of a default. *See Hartford Accident & Indem. Co. v. Worden-Allen Co.,* 238 Wis. 124, 132, 297 N.W. 436, 440 (1941). A guarantor's claim for contribution must rest on the ground that he or she has paid more than his or her equitable share as against the coguarantors in order to discharge a common liability. *See Felman v. Estate of Bitker,* 251 Wis. 538, 543, 30 N.W.2d 449, 452 (1947). However, there is a clear distinction between payment and purchase. *See id.* at 545, 30 N.W.2d at 452. Payment extinguishes and discharges indebtedness, whereas purchase merely transfers the indebtedness. *See id.* If a debt is not discharged, no claim for contribution can arise. *See id.*

In *Rosendale State Bank v. Holland,* 195 Wis. 131, 217 N.W. 645 (1928), the court reiterated the following rule:

> It is the long and well settled doctrine in this state that a renewal by the giving of a new note or the extension of time in which to pay a pre-existing debt is not a discharge of the old and original obligation and the creation of a new obligation, but a mere carrying on of the prior obligation . . . .

*Id.* at 132, 217 N.W. at 646 (quoted source omitted). In that case, the court concluded that because "[t]here [was] no proof that would warrant a finding that the parties intended that the surrender of the original note and the acceptance of the renewal should effect a destruction of the old obligation and the creation of a new one," the court properly refused to consider the question of whether the bank intended to cancel the coguarantor's obligation. *See id.* at 132–33, 217 N.W. at 646.

In the instant case a corporation, Renovations, paid the interest that was due on the Historic Dining note and eventually signed a new note with the bank to pay Historic Dining's note. Diamond, Hudec and Barbara were all individually liable on the note made by Historic Dining. Only Diamond and Hudec were coguarantors of the second note. However, at no time did the appellants personally pay any portion of the Historic Dining note. While another corporation has assumed the obligations of the Historic Dining note, that assumption might not relieve the liability that all three personal guarantors still carry with regard to the original note. There may yet be a point in time where the three coguarantors will be required to pay on the original note; however, at this time the appellants' contribution claim is premature. Until one of them actually pays a disproportionate share under the original note, any claim seeking contribution is not yet ripe.

The appellants argue that Wisconsin law has determined that a claim accrues when "payment" is made. *See Milwaukee Mut. Ins. Co. v. Priewe,* 118 Wis. 2d 318, 321, 348 N.W.2d 585, 586 (Ct. App. 1984). While that case did not define the word "payment," they cite to a dictionary definition which states that a payment is a "discharge of a debt or liability, by the delivery of money *or other value* by a debtor to a creditor, where the money or other valuable thing is tendered and accepted as extinguishing the debt or obligation in whole or in part." BLACK'S LAW DICTIONARY 1129 (6th ed. 1990) (emphasis added). They then posit that the trial court's holding that only a money payment gives rise to a right of contribution "ignores the fact that *refinancing discharges one of the original obligors* and results in an increased debt owed by the obligors liable on the second note." Diamond and Hudec reason that since their corporation, Renovations, assumed a new obligation which replaced the original note, they are entitled to contribution. We are not persuaded.

The personal guarantees of Diamond, Hudec and Barbara have never been called in by the bank. While Diamond and Hudec have corporately taken on new obligations by guaranteeing a new note, the new debtor, Renovations, is presently making the payments on the new note. If Renovations continues to make those payments, the personal guarantees given by Diamond, Hudec and Barbara on the original note will never come into play. However, if the appellants are allowed to collect from Barbara now, on a theory of contribution, the result would be a windfall for them. Under the above scenario, they will have escaped personal responsibility because Renovations paid the debt, yet they would be recovering money from Barbara on

the assumption that they personally paid. The law of contribution requires payment from a plaintiff before he or she can seek contribution to guard against such an undeserved windfall. *See Felman*, 251 Wis. at 543, 30 N.W.2d at 452.

Because of our conclusion that the appellants' contribution claim is premature, a determination of whether there was adequate consideration to support Barbara's position as a coguarantor or whether she was an accommodation maker is moot. *See City of Racine v. J-T Enters. of Am., Inc.,* 64 Wis. 2d 691, 700, 221 N.W.2d 869, 874 (1974).

*By the Court.*—Judgment affirmed.