Marvin TAYLOR, Plaintiff-Appellant,

v.

CITY OF APPLETON, CNA Insurance Companies, and Continental Casualty Company, Defendants-Respondents.

Court of Appeals

*No. 88–1005. Submitted on briefs September 9, 1988.—Decided November 22, 1988.*

(Also reported in 433 N.W.2d 293.)

For plaintiff-appellant there was a brief by *Mary F. Coughlin* and *Coughlin McCanna & Coughlin, S.C.,* Appleton

For defendants-respondents there was a brief by *Felix Landau* and *Liebmann, Conway, Olejniczak & Jerry, S.C.,* Green Bay

Before Cane, P.J., LaRocque and Myse, JJ.

LaROCQUE, J.   Marvin Taylor appeals a summary judgment dismissing his claim for injuries he received while playing catch with a football in an Appleton city park. The circuit court concluded that the City of Appleton was immune from liability under sec. 895.52, Stats., the recreational use immunity statute, because playing catch with a football constituted a "recreational activity." We affirm.

When reviewing the grant of summary judgment, we are required to apply the same standards as the circuit court. *Green Spring Farms v. Kersten,* 136 Wis. 2d 304, 315, 401 N.W.2d 816, 820 (1987). Because this appeal also requires the interpretation and application of sec. 895.52, we review it independently of the circuit court's decision. *See Simanek v. Miehle-Goss-Dexter,* 113 Wis. 2d 1, 4, 334 N.W.2d 910, 911 (Ct. App. 1983).

Section 895.52(2)(b) states: "[N]o owner ... is liable for any injury to ... a person engaging in a recreational activity on the owner's property ...." An "owner" is defined in sec. 895.52(1)(d)1 as: "A person, including a governmental body ... that owns, leases or occupies property." Finally, sec. 895.52(1)(g) defines "recreational activity" as: "[A]ny outdoor activity undertaken for the purpose of exercise, relaxation or pleasure. ... 'Recreational activity' includes ... any other outdoor sport, game or educational activity ...."

Section 1 of Wis. Act 418, effective May 15, 1984, discusses the intended scope of sec. 895.52:

While it is not possible to specify in a statute every activity which might constitute a recreational activity, this act provides examples of the kinds of activities that are meant to be included, and the legislature intends that, where substantially similar circumstances or activities exist, *this legislation should be liberally construed in favor of property owners to protect them from liability. This act is intended to overrule any previous Wisconsin Supreme Court decisions* interpreting section 29.68 of the statutes if the decision is *more restrictive* than *or inconsistent with* the provisions of *this act.* (Emphasis supplied.)

We conclude that by playing catch with a football in a city park, Taylor was engaging in an "outdoor sport or game," an activity that provides the city with immunity from any liability claims made by Taylor.

While Taylor sets forth several thoughtful theories behind the recreational use immunity doctrine and discusses numerous cases interpreting the predecessor to sec. 895.52, they do not reflect the law in this state. The legislature directed a liberal interpretation of the statute. The legislature knowingly and explicitly chose to overrule any previous inconsistent decisions. Our role is to follow that legislative mandate.

Wisconsin first adopted a recreational use statute, sec. 29.68, Stats., in 1963. Such laws were enacted in response to the dramatic shrinkage of the public's access to recreational land in an increasingly crowded world. *Hall v. Turtle Lake,* 146 Wis. 2d 486, 489, 431 N.W.2d 696, 698 (Ct. App. 1988). In 1983, the legislature apparently believed that this situation also hindered the government's ability to acquire additional public

lands and parks and thus opted to include them under the recreational use immunity statute.

While we agree with Taylor that playing catch with a football is of a different character from many of the activities listed in sec. 895.52(1)(g), we disagree that it is not an outdoor sport or game. Nothing in the statute indicates that the legislature intended to restrict the statute's scope solely to rural activities. When the language of a statute is unambiguous, we end our inquiry and effectuate the clear legislative intent without resorting to construction. *Olsen v. Township of Spooner,* 133 Wis. 2d 371, 375, 395 N.W.2d 808, 810 (Ct. App. 1986). We conclude that the city is immune from liability because Taylor's activities constituted a "recreational activity" as defined in sec. 895.52(1)(g) and affirm.

*By the Court.*—Judgment affirmed.