Janice Webb KRUSCHKE, Plaintiff-Respondent,†

v.

CITY OF NEW RICHMOND, and Regent Insurance
Company, Defendants-Appellants.

Court of Appeals

*No. 89-1418. Submitted on briefs June 13, 1990.—Decided
June 26, 1990.*

(Also reported in 458 N.W.2d 832.)

†Petition to review pending. This petition was not disposed
of at the time the volume went to press. Its disposition will
be reported in a later volume.

On behalf of the plaintiff-respondent, the cause was submitted on the briefs of *Joel D. Porter* of *Gilbert, Mudge, Porter & Lundeen* of Hudson.

On behalf of the defendants-appellants, the cause was submitted on the brief of *Timothy T. Sempf* of *Novitzke & Gust* of Amery.

Before Cane, P.J., LaRocque and Sundby, JJ.

LaROCQUE, J. This case presents the question whether swinging in a city park is a "recreational activity" under sec. 895.52(1)(g), Stats., so as to immunize the city of New Richmond from liability for injuries sustained by Janice Webb Kruschke. Because we must liberally construe sec. 895.52, we hold that playground swinging is included within its scope and therefore the trial court improperly denied the city's motion for summary judgment.

In her complaint against the city, Kruschke alleged that she was using a swing in a city park when one of the chains broke and she fell to the ground sustaining

injuries. She alleged that the city negligently maintained the swing and failed to warn of its faulty condition. The city moved for an order granting summary judgment against Kruschke. The trial court denied the motion. The city petitioned this court for leave to appeal, and we grant the petition pursuant to sec. 808.03(2), Stats.

In reviewing motions for summary judgment, appellate courts must apply the standards set forth in sec. 802.08, Stats., in the same manner as trial courts. *Heck & Paetow Claim Serv. v. Heck,* 93 Wis. 2d 349, 356, 286 N.W.2d 831, 834 (1980). Summary judgment is granted when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Sec. 802.08(2), Stats. In the present case, there is no dispute as to the material facts. The only issue is whether the city is immune from liability under sec. 895.52, Stats. The interpretation and application of a statute is a question of law that we decide without deference to the trial court. *Simanek v. Miehle-Goss-Dexter,* 113 Wis. 2d 1, 4, 334 N.W.2d 910, 911 (Ct. App. 1983).

Under Wisconsin's recreational use statute:

> [N]o owner and no officer, employe or agent of an owner owes to any person who enters the owner's property to engage in a recreational activity:
>
> 1. A duty to keep the property safe for recreational activities.
>
> 2. A duty to inspect the property . . ..
>
> 3. A duty to give warning of an unsafe condition, use or activity on the property.

Sec. 895.52(2)(a), Stats.[1]

---

[1]Section 895.52 contains exceptions to municipal immunity if an admission fee is charged for spectators and if the injury is

This case turns on the construction of the term "recreational activity." Section 895.52(1)(g), Stats., states:

*"Recreational activity" means any outdoor activity undertaken for the purpose of exercise, relaxation or pleasure,* including practice or instruction in any such activity. "Recreational activity" includes, but is not limited to, hunting, fishing, trapping, camping, picnicking, exploring caves, nature study, bicycling, horseback riding, bird-watching, motorcycling, operating an all-terrain vehicle, ballooning, hang gliding, hiking, tobogganing, sledding, sleigh riding, snowmobiling, skiing, skating, water sports, sightseeing, rock-climbing, cutting or removing wood, climbing observation towers, animal training, harvesting the products of nature and any other outdoor sport, game or educational activity, but does not include any organized team sport activity sponsored by the owner of the property on which the activity takes place. (Emphasis supplied.)

The predecessor to sec. 895.52, Stats., sometimes called "the berry-picking statute," provided immunity only where an owner gave permission to another to "hunt, fish, trap, camp, hike, snowmobile, sightsee, berry pick . . . or to proceed with water sports . . .." Sec. 29.68(2), Stats. (1981–82). With 1983 Wis. Act 418, the legislature repealed this statute and enacted sec. 895.52. Section 1 of the Act provides in part:

While it is not possible to specify in a statute every activity which might constitute a recreational activity, this act provides examples of the kinds of activities that are meant to be included, and the

caused by a malicious act or by a malicious failure to warn against an unsafe condition of which the municipality knew. These exceptions do not apply in the present case.

170

legislature intends that, where substantially similar circumstances or activities exist, this legislation should be liberally construed in favor of property owners to protect them from liability.

The city asserts that swinging is an outdoor activity undertaken for the purpose of exercise, relaxation or pleasure. While Kruschke does not deny this, she argues that swinging is not substantially similar to the activities listed in sec. 895.52(1)(g), Stats., because the city provided the recreational device, while none of the statutorily immune activities would require the landowner to provide equipment. Kruschke also argues that the statutory activities, unlike swinging, are for the most part highly dangerous and require the participant to assume some risk. We reject Kruschke's attempt to distinguish swinging on the basis that it is not a dangerous activity. Picnicking, nature study, bird-watching, sight-seeing and harvesting the products of nature are hardly synonymous with danger.

The fact that the city provided the swing is also an invalid distinction. The statute immunizes an owner from liability to people who enter the property for any recreational activity. It is not limited to immunity from liability stemming from the land itself. "Property" is defined as "real property and buildings, *structures and improvements thereon* . . .." Sec. 895.52(1)(f), Stats. (Emphasis supplied.) We conclude that in defining property in this manner the legislature has indicated its intent that activities are not to be excluded merely because they involve facilities provided by the property owner. In addition, this court has held that sec. 895.52 applies to both natural and artificially created conditions. *See Sauer v. Reliance Ins. Co.,* 152 Wis. 2d 234, 241, 448 N.W.2d 256, 259 (Ct. App. 1989).

171

This court has previously given a broad definition to the phrase "recreational activity." In *Sauer,* we held that walking down a river to go fishing fit the definition. *Id.* In *Taylor v. City of Appleton,* 147 Wis. 2d 644, 646, 433 N.W.2d 293, 294 (Ct. App. 1988), playing catch with a football in a city park was deemed a recreational activity. In *Hall v. Turtle Lake Lions Club,* 146 Wis. 2d 486, 488, 431 N.W.2d 696, 697 (Ct. App. 1988), this court concluded that attendance at a fair is substantially similar to several of the kinds of activities explicitly included by the legislature. In light of the broad definition, we hold that swinging is a recreational activity under sec. 895.52(1)(g), Stats.

Kruschke urges us to apply a "policing test" to determine the scope of sec. 895.52, Stats., immunity.[2] Under this test, only land that is not susceptible to adequate policing or correction of dangerous conditions is covered. *See Tijerina v. Cornelius Christian Church,* 539 P.2d 634, 637 (Ore. 1975) (interpreting Oregon's recreational use statute). Kruschke contends that sec. 895.52 provides immunity for landowners who would be overburdened if required to regularly police their land and that requiring the city to inspect and maintain its swings is not an unreasonable burden.

This test would be inconsistent with the language of the statute itself and would create distinctions not found in the statute's provisions. With a few exceptions not applicable here,[3] the statute covers all property open for

---

[2]Kruschke also sets forth a "rural test" that would limit sec. 895.52 to rural, undeveloped lands. However, this test was rejected by this court in *Taylor,* 147 Wis. 2d at 647, 433 N.W.2d at 294, and *Bystery v. Village of Sauk City,* 146 Wis. 2d 247, 251, 430 N.W.2d 611, 613 (Ct. App. 1988).

[3]Section 895.52(6)(d), Stats., provides that a private

recreational purposes. Sec. 895.52(2), Stats. Introduction of an exception based upon the proposed policing standard would constitute judicial legislating and ignore the liberal interpretation mandated by the legislature. That construction would run contrary to the purpose of the statute—to encourage landowners to open their land for recreational purposes. *See Bystery,* 146 Wis. 2d at 252, 430 N.W.2d at 613. The uncertainty as to whether one's property will be deemed susceptible to adequate policing is likely to discourage owners from allowing public use of their property.

Kruschke also argues that the city had a statutory duty to police and repair the swing. This attempt to circumvent sec. 895.52, Stats., was also proposed in *Bystery.* In that case, this court determined that sec. 895.52 conflicted with sec. 81.15, Stats., which created a right to recover damages caused by lack of repair of highways. *Bystery,* 146 Wis. 2d at 251, 430 N.W.2d at 613. This court harmonized the statutes by holding that under sec. 895.52, a municipality is immune from liability for the lack of repair of a highway or public sidewalk only when the municipality has withdrawn the highway or sidewalk from transportation uses and has devoted it to recreational activities. *Bystery,* 146 Wis. 2d at 251-52, 430 N.W.2d at 613.

In the same manner, Kruschke would have us exclude city parks from the scope of sec. 895.52, Stats., because such immunity would conflict with sec. 27.13, Stats., when read together with sec. 27.12(2). Section 27.13 provides: "Every town and village may provide and maintain parks, parkways, boulevards or pleasure drives

property owner is not immune from liability to an invited social guest if the injury occurs on platted land, residential property or property within 300 feet of a mercantile or manufacturing building.

pursuant to the provisions of this chapter which are applicable to cities."[4]

Section 27.12(2), Stats., provides:

> Neither the city nor any such private party shall be liable for any damage resulting from insufficiency in such construction, maintenance or repair of any parks, parkways, boulevards or pleasure drives owned by the city and located outside of its limits; but the city may cause any of them or any part of either of them which is not in good repair, to be closed to the use of the public until the same shall be put in good repair.

█

Kruschke contends that these sections read together impose a duty upon cities to maintain parks once they have created them if the parks are within city limits. We disagree. Section 27.12(2), Stats., seems to limit common-law liability if a park is outside the city, rather than to create a statutory duty of care if the park is within the city. Section 895.52, Stats., creates an even broader immunity from liability than does sec. 27.12 where property is used for recreational purposes. Consequently, we hold that these two sections do not conflict and thus do not create an exception to sec. 895.52 immunity.

█

Kruschke finally argues that sec. 895.52, Stats., as applied to this case, would violate art. I, sec. 9, of the Wisconsin Constitution.[5] That section states:

---

[4]Because New Richmond is a city rather than a town or village, perhaps sec. 27.12 would be a more appropriate section to cite for this argument.

[5]Although Kruschke first served the attorney general with notice of this constitutional challenge after the circuit court proceedings, this permits appellate review. *See Estate of Fessler*

Every person is entitled to a certain remedy in the laws for all injuries, or wrongs which he may receive in his person, property, or character; he ought to obtain justice freely, and without being obliged to purchase it, completely and without denial, promptly and without delay, conformably to the laws.

She asserts that this provision guarantees the right to pursue her negligence claim against the city. However, our supreme court has stated:

[Art. I, sec. 9] though of great importance in our jurisprudence, is primarily addressed to the right of persons to have access to the courts and to obtain justice on the basis of the law as it in fact exists. No legal rights are conferred by this portion of the Constitution. Here there is no plausible claim that the parties, in order to have their claims adjudicated under the law, were obliged to purchase justice from public officials as a prerequisite to having their claims adjudicated.

*Mulder v. Acme-Cleveland Corp.,* 95 Wis. 2d 173, 189-90, 290 N.W.2d 276, 284 (1980). Kruschke's right to access to the courts and to obtain justice under the law as it exists is not violated by a law granting immunity to landowners who open their land for recreational purposes. *See McCoy v. Kenosha County,* 195 Wis. 273, 218 N.W. 348 (1928) (the legislature may impose limits or immunities concerning government liability for negligent injuries without violating art. I, sec. 9).

---

*v. Fessler,* 100 Wis. 2d 437, 444, 302 N.W.2d 414, 418 (1981). However, because the notice to the attorney general did not include her claim that sec. 895.52 violates the equal protection clause of the Wisconsin Constitution, we limit review to the issue noticed. *See Kurtz v. City of Waukesha,* 91 Wis. 2d 103, 117, 280 N.W.2d 757, 764-65 (1979).

*By the Court.*—Order reversed and cause remanded for dismissal.