Dawn E. WEINA, by her Guardian ad Litem, John Peyton, Steve C. Weina and Cynthia S. Weina, Plaintiffs-Appellants,

v.

ATLANTIC MUTUAL INSURANCE COMPANY and Mt. Pleasant Lutheran Church—ELCA, Defendants-Respondents,

SAFECO INSURANCE COMPANY OF ILLINOIS, John Lovdahl, Employers Health Insurance Company, Blue Cross & Blue Shield United of Wisconsin and Benefit Trust Life Insurance Company, Defendants.

Court of Appeals

No. 93–0535. Submitted on briefs September 13, 1993.—Decided October 27, 1993.

(Also reported in 508 N.W.2d 67.)

On behalf of the plaintiff-appellant, Dawn E. Weina, the cause was submitted on the brief of *John Peyton*, of *Stewart, Peyton, Crawford, Crawford & Stutt* of Racine.

On behalf of the plaintiffs-appellants, Steve C. Weina and Cynthia S. Weina, the cause was submitted on the brief of *Tom Tofte*, of *Schwartz, Tofte, Nielsen & Demark, S.C.*, of Racine.

On behalf of the defendants-respondents, Atlantic Mutual Insurance Company and Mount Pleasant Lutheran Church—ELCA, the cause was submitted on the brief of *Donald H. Piper* and *Daniel J. Jungen* of *Fellows, Piper & Schmidt* of Milwaukee.

Before Anderson, P.J., Nettesheim and Snyder, JJ.

NETTESHEIM, J.   Dawn E. Weina appeals from a summary judgment dismissing her personal injury claim against Mt. Pleasant Lutheran Church—ELCA and its insurer, Atlantic Mutual Insurance Company (the church). The trial court held the church to be immune under Wisconsin's recreational use statute, sec. 895.52, Stats. We affirm.

The material facts are undisputed. Dawn and her family attended a picnic for members of the church's congregation. The church had reserved and paid a flat fee for the use of several sections of Sanders Park, the site of the picnic, in the city of Racine. The area reserved included a baseball diamond. Following a worship service and lunch, the congregation participated in a variety of activities such as board games and relay races. Midafternoon, Dawn told her parents that a softball game was going to start and she was given permission to play. Dawn's parents later walked over to the baseball diamond. Dawn's father joined the game, playing on the same team as Dawn. While on second base as a runner, Dawn was struck by a ball hit by teammate John Lovdahl. In this action, Dawn sues the church and Lovdahl. This appeal concerns only the action against the church.

The church moved for summary judgment, arguing that it was immune from any liability pursuant to Wisconsin's recreational use statute, sec. 895.52,

Stats.[1] Dawn responded that the statute's immunity does not extend to the sponsor of an organized team sport activity. Dawn argued that the church was such a sponsor. The trial court rejected Dawn's argument and dismissed her complaint against the church. Dawn appeals.

■

We review summary judgment determinations *de novo*. *Silingo v. Village of Mukwonago*, 156 Wis. 2d 536, 539, 458 N.W.2d 379, 380 (Ct. App. 1990). In addition, the construction of a statute and its application to a set of facts present questions of law—matters we also review *de novo*. *Id.*

Section 895.52(1)(g), Stats., defines "recreational activity," in part, as follows:

> any outdoor activity undertaken for the purpose of exercise, relaxation or pleasure. . . . [It] includes, but is not limited to, hunting, fishing . . . and any other outdoor sport, game or educational activity, but *does not include any organized team sport activity sponsored by the owner of the property on which the activity takes place.* [Emphasis added.]

The appellate issue is whether the church was a sponsor of the baseball game within the meaning of this statute.[2]

---

[1] John Lovdahl also moved for summary judgment. His motion was denied and that matter is not before us on this appeal.

[2] The recreational use statute defines "owner" as including "[a] person, including a governmental body or nonprofit organization, that owns, leases or occupies property." Section 895.52 (1)(d)1, Stats. The parties agree that the church is an "owner" under the recreational use statute.

When creating this law, the legislature gave some pointed instructions regarding interpretation of the statute:

> The legislature intends by this act to limit the liability of property owners toward others who use their property for recreational activities . . . . While it is not possible to specify in a statute every activity which might constitute a recreational activity, this act provides examples of the kinds of activities that are meant to be included, and the legislature intends that, where substantially similar circumstances or activities exist, *this legislation should be liberally construed in favor of property owners to protect them from liability.* [Emphasis added.]

Section 1, 1983 Wis. Act 418.

The general rule for statutory construction is that all nontechnical words and phrases shall be defined in terms of their common and approved usage "unless such construction would produce a result inconsistent with the manifest intent of the legislature." Section 990.01(1), Stats. In addition, we may look to recognized dictionaries to ascertain common and approved meanings of nontechnical words. *See State v. Grady,* 175 Wis. 2d 553, 558, 499 N.W.2d 285, 288 (Ct. App. 1993); *Enpro Assessment Corp. v. Enpro Plus, Inc.,* 171 Wis. 2d 542, 546, 492 N.W.2d 325, 326-27 (Ct. App. 1992).

We relied on dictionary authority in *Hupf v. City of Appleton,* 165 Wis. 2d 215, 477 N.W.2d 69 (Ct. App. 1991), where we defined "sponsor" as "a person or an organization that pays for or plans and carries out a project or activity." *Id.* at 222, 477 N.W.2d at 72 (quoting WEBSTER'S NEW COLLEGIATE DICTIONARY 1124 (1977)). In *Hupf,* the city of Appleton took team registrations, maintained the grounds, provided umpires,

scorekeepers, and game equipment. *Id*. Under those facts, we concluded that the city qualified as a sponsor within the meaning of the statute. *Id*. at 223, 477 N.W.2d at 72.[3]

The facts are markedly different in this case. The church merely paid a fee to reserve a park area which included the baseball diamond. The church did not conduct any registration for the baseball game. Unlike the board games and the relay races, the church did not plan the game as part of the day's scheduled activities. The church did not provide any equipment, scorekeeper or umpires for the game. Instead, the game was a classic "pick-up" match, with each team randomly assembled on the spur of the moment with a mixture of adults and children.

These facts do not establish the degree of financial payment, organization and supervision contemplated by the recreational use statute. We agree with the trial court's ultimate holding: "[S]imply paying the fee that reserved the ball diamond that may or may not have been used at a picnic in and of itself is not sufficient to make Mt. Pleasant a sponsor . . . ." Bearing in mind the legislature's directive to liberally construe the recreational use statute in favor of a property owner's immunity, we affirm the trial court's summary judgment.[4]

---

[3] The *Hupf* court also based its conclusion on the fact that a release utilized by the city referred to the city as a sponsor. *Hupf v. City of Appleton*, 165 Wis. 2d 215, 222, 477 N.W.2d 69, 72 (Ct. App. 1991).

[4] Since we have concluded that the church was not a sponsor within the meaning of the recreational use statute, we need not address the church's alternative grounds for affirming the trial court's ruling. These include arguments that Dawn's negli-

*By the Court.*——Judgment affirmed.

gence exceeded the church's as a matter of law and that Dawn's parents' failure to supervise her and their consent to her participation in the game served, on public policy grounds, to relieve the church from any liability.