Michael E. SCHULTZ, and Lorrie Schultz, Plaintiffs-Appellants,

v.

GRINNELL MUTUAL REINSURANCE CO., James R. Timm, Donna Timm, Amy Timm, Juneau County Agricultural Society, Inc., and T. I. G. Insurance Company, Defendants-Respondents,

The JUNEAU COUNTY FAIR, INC., and K & K Insurance Group, Inc., Defendants.

Court of Appeals

*No. 98–3466. Submitted on briefs June 4, 1999.—Decided July 22, 1999.*

(Also reported in 600 N.W.2d 243.)

514

On behalf of the plaintiffs-appellants, the cause was submitted on the briefs of *Paul S. Curran* of *Curran, Hollenbeck & Orton, S.C.* of Mauston.

On behalf of the defendants-respondents, the cause was submitted on the brief of *Wayne L. Maffei* and *Wendy J.N. Bromley* of *Cross, Jenks, Mercer and Maffei* of Baraboo.

Before Dykman, P.J., Vergeront and Deininger, JJ.

DYKMAN, P.J. Michael E. and Lorrie Schultz appeal from an order granting summary judgment in favor of the Juneau County Agricultural Society and its insurer, T.I.G. Insurance Company. The Schultzes argue that the trial court erred by applying Wisconsin's recreational immunity statute, § 895.52, STATS., because, at the time he was injured by a runaway steer, Michael Schultz was not engaged in a recreational activity. The Schultzes also argue that even if Schultz was engaged in a recreational activity when he tried to subdue the steer, he acted as a Good Samaritan and we should make a Good Samaritan exception to § 895.52. We conclude that Schultz was engaged in a recreational activity and decline to create a Good Samaritan exception. Accordingly, we affirm.

## I. Background

On August 10, 1994, Michael Schultz attended the Juneau County Fair to help his children show their animals. Schultz took a break from tending to the animals to get a drink of water and saw a 1,100 pound steer running through the fairgrounds. He decided to help recapture the steer. He was able to grab a rope attached to the steer's halter, but the steer bolted again and dragged Schultz behind it. During the encounter, the steer stepped on Schultz's left arm, injuring him.

The Schultzes sued the owners of the steer and the Agricultural Society, the operators of the fair, for negligence. The trial court granted the Agricultural Society's motion for summary judgment and the Schultzes appeal.

## II. Discussion

We review orders granting summary judgment de novo, using the same methodology as the trial court. *See Green Spring Farms v. Kersten,* 136 Wis. 2d 304, 315–17, 401 N.W.2d 816, 820–21 (1987). Under § 802.08(2), STATS., summary judgment must be granted when there is no genuine issue of material fact and when the moving party is entitled to judgment as a matter of law. *See Green Spring,* 136 Wis. 2d at 315, 401 N.W.2d at 820. Whether an activity is a recreational activity under the recreational immunity statute, § 895.52, STATS., is a question of law that we review de novo. *See Sievert v. American Family Mut. Ins. Co.,* 180 Wis. 2d 426, 435, 509 N.W.2d 75, 80 (Ct. App. 1993), *aff'd,* 190 Wis. 2d 623, 528 N.W.2d 413 (1995).

The Schultzes argue that the recreational immunity statute should not apply because, at the time of his injury, Schultz was not engaged in a recreational activity. They assert that *Hall v. Turtle Lake Lions Club*, 146 Wis. 2d 486, 431 N.W.2d 696 (Ct. App. 1988), *Kostroski v. County of Marathon*, 158 Wis. 2d 201, 462 N.W.2d 542 (Ct. App. 1990), and *Hupf v. City of Appleton*, 165 Wis. 2d 215, 477 N.W.2d 69 (Ct. App. 1991), establish a "momentary diversion" rule, holding that an activity that begins as recreational can become non-recreational, though not based on a mere "momentary diversion" from the recreational activity. The Schultzes argue that Schultz's attempt to capture the runaway steer was more than a momentary diversion from his recreational activity at the fair, and thus, when he was injured, he was engaged in a non-recreational activity.

Section 895.52, STATS., provides that no owner is liable for any injury to a person engaging in a recreational activity on the owner's property. *See Lasky v. City of Stevens Point*, 220 Wis. 2d 1, 5, 582 N.W.2d 64, 66 (Ct. App. 1998), *review denied*, 220 Wis. 2d 366, 585 N.W.2d 158 (1998). Section 895.52(1)(g) defines recreational activity as:

> any outdoor activity undertaken for the purpose of exercise, relaxation or pleasure, including practice or instruction in any such activity. "Recreational activity" includes hunting, fishing, trapping, camping, picnicking, exploring caves, nature study, bicycling, horseback riding, bird-watching, motorcycling, operating an all-terrain vehicle, ballooning, hang gliding, hiking, tobogganing, sledding, sleigh riding, snowmobiling, skiing, skating, water sports, sight-seeing, rock-climbing, cutting or removing wood, climbing observation towers, animal train-

ing, harvesting the products of nature, sport shooting and any other outdoor sport, game or educational activity. "Recreational activity" does not include any organized team sport activity sponsored by the owner of the property on which the activity takes place.

■

An activity that does not clearly fit within the general definitions or the list of activities provided in the statute should still be considered a recreational activity if it is "substantially similar" to the listed activities, or undertaken in circumstances "substantially similar" to those of a recreational activity. *Sievert v. American Family Mut. Ins. Co.*, 190 Wis. 2d 623, 629–31, 528 N.W.2d 413, 415–16 (1995). In *Linville v. City of Janesville*, the supreme court set out the test for whether an activity is "substantially similar" to those defined in the statute:

> The test requires examination of all aspects of the activity. The intrinsic nature, purpose and consequence of the activity are relevant. While the injured person's subjective assessment of the activity is relevant, it is not controlling. Thus, whether the injured person intended to recreate is not dispositive, but why he was on the property is pertinent.

*Linville v. City of Janesville*, 184 Wis. 2d 705, 716, 516 N.W.2d 427, 430 (1994) (quoting *Linville v. City of Janesville*, 174 Wis. 2d 571, 579–80, 497 N.W.2d 465, 469 (Ct. App. 1993)). In applying the "substantially similar" test, we must keep in mind that the legislature intended the recreational immunity statute to be liberally construed in favor of the property owner. *See* 1983

Wis. Act 418, § 1; *Sievert*, 190 Wis. 2d at 630, 528 N.W.2d at 416.

We conclude that Michael Schultz was engaged in a recreational activity at the time he was injured by the steer. As the Schultzes concede, attendance at a county fair is "substantially similar" to the recreational activities defined in the statute. *Hall*, 146 Wis. 2d at 488, 431 N.W.2d at 697. At the time of his injury, Schultz was still attending the fair. In *Linville*, Kelly Linville and her son were helping a friend look for a fishing spot at a city pond when their van became stuck in the mud. *Linville*, 184 Wis. 2d at 711–12, 516 N.W.2d at 429. Linville got out of the van to try to push it from the mud, but the van rolled into the pond and her son and friend drowned. *See id.* at 712, 516 N.W.2d at 429. The supreme court held that, at the time of the drowning, Linville and her son were engaged in a recreational activity. *See id.* at 717, 516 N.W.2d at 431. The fact that Linville was actually trying to free the van from the mud at the time of the drowning did not alter the conclusion that she was engaged in a recreational activity. Similarly, the fact that Schultz was trying to help subdue a steer at the time of his injury does not change his recreational activity into something different.

Nor was Schultz engaged in a "non-momentary diversion" from his recreational activity. *Hall*, *Kostroski*, and *Hupf* establish no more than "walking to or from an immune activity does not alter the landowner's status, and walking to or from a non-immune activity does not alter it either." *Hupf*, 165 Wis. 2d at 221–22, 477 N.W.2d at 72. We must construe the recreational immunity statute liberally in favor of the owner. The fact that, while he was engaged in a recreational activ-

ity, Schultz decided to try to capture a steer does not change the Agricultural Society's immune status.

■

The Schultzes also argue that even if Schultz was engaged in a recreational activity at the time he was injured, the recreational immunity statute should not apply. They assert that, in trying to recapture the steer, Schultz was acting as a Good Samaritan, and since Wisconsin law protects Good Samaritans, we should make an exception to § 895.52, STATS. Wisconsin law does provide protection for Good Samaritans.[1] However, this protection merely immunizes Good Samaritans or rescuers from civil liability or findings of contributory negligence. *See* § 895.48(1), STATS.; *Cords v. Anderson*, 80 Wis. 2d 525, 543, 259 N.W.2d 672, 680 (1977). It does not pierce or revoke immunity granted to others. Essentially, the Schultzes ask us to amend § 895.52 based on the policy considerations behind the Good Samaritan protection. We are primarily an error-correcting court. *See Cook v. Cook*, 208 Wis. 2d 166, 188, 560 N.W.2d 246, 255 (1997); *Deegan v. Jefferson County*, 188 Wis. 2d 544, 559, 525 N.W.2d 149, 155 (Ct. App. 1994). Our function does not include amending statutes. We decline to create a Good Samaritan exception to the recreational immunity statute. Therefore, we affirm.

*By the Court.*—Order affirmed.

---

[1] Section 895.48, STATS., provides immunity from civil liability to persons rendering emergency care at the scene of an accident or emergency. Section 895.48(1). In addition, under the rescue doctrine, someone who is injured trying to rescue others is immune from a finding of contributory negligence. *See Cords v. Anderson*, 80 Wis. 2d 525, 543, 259 N.W.2d 672, 680 (1977).