DECISION AND JOURNAL ENTRY.
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made.
{¶ 1} Appellant, Bryan Clark, appeals the decision of the Summit County Court of Common pleas, which granted summary judgment in favor of appellees, BP Oil Company, BP Exploration Oil, Inc., BP Amoco Corporation, and Robert Hedrick. This Court affirms.
 I. {¶ 2} On March 23, 1999, appellant stopped at the BP station in Twinsburg, Ohio, on his way to work. Appellant parked on the west side of the building and entered the store at the building's south side. Appellant purchased some items and exited out the store's north entrance. On his way to his vehicle, appellant slipped on a patch of ice and fell.
 {¶ 3} On May 20, 2002, appellant filed a complaint against appellees in the Summit County Court of Common Pleas alleging negligence in maintaining the premises. Appellees filed a motion for summary judgment. Appellant filed a motion opposing appellees' motion for summary judgment. The trial court granted appellees' motion for summary judgment, holding that the icy patch upon which appellant fell was an "open and obvious" danger to which appellees owed no duty to appellant.
 {¶ 4} Appellant timely appealed to this Court, setting forth two assignments of error for review. Appellant's two assignments of error have been combined for purposes of discussion.
 II. FIRST ASSIGNMENT OF ERROR {¶ 5} "The trial court erred as a matter of law by granting BP's motion for summary judgment, as there exist genuine issues of material fact precluding the entry of summary judgment in favor of defendant-appellees."
 SECOND ASSIGNMENT OF ERROR {¶ 6} "The trial court erred as a matter of law by not ruling that the "open and obvious" doctrine has been supplanted by the adoption of comparative negligence in Ohio."
 {¶ 7} In his first assignment of error, appellant argues that the trial court erred in granting appellees' motion for summary judgment. Appellant avers in his second assignment of error that this Court should find that the "open and obvious" doctrine has been supplanted by the adoption of comparative negligence in Ohio.[1]
 {¶ 8} Pursuant to Civ.R. 56(C), summary judgment is appropriate when: "(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc.
(1977), 50 Ohio St.2d 317, 327. To succeed on a summary judgment motion, the movant "bears the initial burden of demonstrating that there are no genuine issues of material fact concerning an essential element of the opponent's case." (Emphasis sic.) Dresher v. Burt (1996), 75 Ohio St.3d 280,292. If the movant satisfies this burden, the non-moving party "must set forth specific facts showing that there is a genuine issue for trial." Id. at 293, quoting Civ.R. 56(E). An appellate court will review summary judgment de novo. Helton v. Scioto Cty. Bd. of Commrs. (1997),123 Ohio App.3d 158, 162. Like the trial court, the appellate court must view the facts in the light most favorable to the nonmoving party. Viockv. Stowe-Woodward Co. (1983), 13 Ohio App.3d 7, 12. Any doubt must be resolved in favor of the nonmoving party. Id.
 {¶ 9} A plaintiff alleging negligence must establish that (1) the defendant owed a duty of care, (2) the defendant breached this duty, and (3) the breach was the proximate cause of plaintiff's injury. Mussivandv. David (1989), 45 Ohio St.3d 314, 318. Whether a duty exists is a question of law for the court. Id. In a premises liability case, the relationship between the owner or the premises and the injured party determines the duty owed. Gladon v. Greater Cleveland Regional TransitAuth. (1996), 75 Ohio St.3d 312, 315.
 {¶ 10} In the present case, the parties have agreed that appellant was a business invitee. An owner or occupier of premises owes business invitees a duty of ordinary care to maintain the premises in a reasonably safe condition, so that its invitees are not unnecessarily and unreasonably exposed to danger. Paschal v. Rite Aid Pharmacy, Inc.
(1985), 18 Ohio St.3d 203, 203. A business owner, however, is not an insurer of the invitee's safety. Id. The burden of proving that the particular premises were not in a reasonably safe condition is on the invitee. Rogers v. Sears, 1st Dist. No. C-010717, 2002-Ohio-3304, at ¶ 3.
 {¶ 11} "Further, a premises owner is obligated to warn invitees of latent or concealed dangers if the owner knows or has reason to know of hidden dangers. However, an owner is under no duty to protect its customers from a dangerous condition which is so obvious and apparent that a customer should reasonably be expected to discover it and protect himself against it. The rationale for this so-called `open and obvious' doctrine is that the nature of the hazard serves as its own warning and allows the business owner to reasonably expect others to discover the danger and take appropriate measures to protect themselves. Invitees then have a corresponding duty to take reasonable precautions to avoid dangers that are patent or obvious." (Citations omitted.) Earnsberger v.Griffiths Park Swim Club, 9th Dist. No. 20882, 2002-Ohio-3739, at ¶ 14.
 {¶ 12} In their motion for summary judgment, appellees asserted they owed no duty to appellant because the icy patch was a condition that was "`patent and obvious,' and [one] which [appellant] would have discovered through the exercise of reasonable care." In support of their motion for summary judgment, appellees attached portions of appellant's deposition testimony. Appellant testified that it was his custom to stop at this particular BP station every morning and purchase a 7-Up on his way to work. Appellant stated that, upon entering the parking lot, he heard the crunching of the ice and snow under his tires. Appellant testified that he observed water dripping from overhead as he exited the building. When asked about the outside temperature, appellant stated that the temperature on the morning in question was below freezing. When questioned, appellant answered that the icy spot was approximately 18 inches in diameter. In addition, appellant testified that the spot was easy to detect. Appellant stated that he would have noticed the ice if he had looked down.
 {¶ 13} In response, appellant argued that the accumulation of ice was unnatural, and that whether or not the accumulation was natural was a question of fact that should go to the jury. In addition, appellant claimed that the "open and obvious" doctrine has been superceded by Ohio's adoption of comparative negligence. Therefore, appellant concluded that whether or not appellee was exceedingly more negligent than appellant constituted a genuine issue of material fact that precluded summary judgment. At oral argument, appellant claimed that the dripping water from the canopy diverted his attention from the sidewalk, causing him to slip on the icy spot.
 {¶ 14} The trial court found as a matter of law that the icy patch that appellant slipped on was an "open and obvious" danger. Therefore, it concluded that appellees owed no duty to appellant.
 {¶ 15} At the outset, this Court notes that appellant has contended that when the trial court declared that appellant would have discovered the icy patch had he exercised reasonable care, the trial court invaded the province of the jury. He argues this is properly a question of comparative negligence and represents an issue of material fact that precludes summary judgment. Appellant relies upon Schindler v.Gales Superior Supermarket (2001), 142 Ohio App.3d 146, in which the Eighth Appellate District analyzed the open and obvious nature of a hazard in terms of causation instead of the duty owed.
 {¶ 16} The Ohio Supreme Court recently decided this issue inArmstrong v. Best Buy Co., Inc. (2003), 99 Ohio St.3d 79,2003-Ohio-2573. In Armstrong, the Court stated:
 {¶ 17} "A close reading of Texler reveals that the sole issue before us was whether the trial court should have found that the plaintiff was more than 50 percent negligent and, as such, should have granted a motion notwithstanding the verdict. The existence of the storeowner's duty to the plaintiff had been determined at trial and was not an issue on appeal. It is fundamental that in order to establish a cause of action for negligence, the plaintiff must show (1) the existence of a duty, (2) a breach of duty, and (3) an injury proximately resulting therefrom. Menifee v. Ohio Welding Prod., Inc. (1984), 15 Ohio St.3d 75,77, 15 OBR 179, 472 N.E.2d 707. In Texler, we were concerned with only the third component, proximate cause, and, in particular, the allocation of fault in terms of comparative negligence. The open-and-obvious doctrine, which concerns the first element of negligence law, the existence of a duty, was not before our court. Thus, Texler does not even address the open-and-obvious doctrine, let alone abrogate this rule. TheSchindler court was mistaken when it construed the Texler decision as abrogating the open-and-obvious doctrine in favor of a comparative-negligence analysis."
 {¶ 18} "* * *
 {¶ 19} "* * * The courts analyzing the open-and-obvious nature of the hazard as an element of comparative negligence focus on whether the plaintiff's negligence in confronting an open-and-obvious danger exceeds any negligence attributable to the defendant. See, e.g., Kloes v. EauClaire Cavalier Baseball Assn., Inc. (1992), 170 Wis.2d 77, 87,487 N.W.2d 77. Under this approach, the open-and-obvious rule does not act as an absolute defense. Rather, it triggers a weighing of the parties' negligence. Id.
 {¶ 20} "What these courts fail to recognize is that the open-and-obvious doctrine is not concerned with causation but rather stems from the landowner's duty to persons injured on his or her property. By failing to recognize the distinction between duty and proximate cause, we believe that these courts have prematurely reached the issues of fault and causation. * * *
 {¶ 21} "* * *
 {¶ 22} "Consequently, we hold that the open-and-obvious doctrine remains viable in Ohio. Where a danger is open and obvious, a landowner owes no duty of care to individuals lawfully on the premises. Sidle v.Humphrey (1968), 13 Ohio St.2d 45, 42 Ohio Op.2d 96, 233 N.E.2d 589, approved and followed." Id at ¶¶ 8-14.
 {¶ 23} Based upon the Supreme Court's decision in Armstrong and this Court's review of the record, we find that summary judgment was properly awarded to appellees. Consequently, appellant's two assignments of error are overruled.
 III. {¶ 24} The decision of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
BAIRD, P.J. and BATCHELDER, J. concur.
[1] At oral argument, appellant conceded that the Supreme Court's recent decision in Armstrong v. Best Buy co., Inc. (2003),99 Ohio St.3d 79, 2003-Ohio-2573, controls this issue.